David N. Chandler, Sr.   SBN 60780
David N. Chandler, Jr.   SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | CASE NO. 09-12892 |
| BETH WAYNE, and<br>DAVID R. WAYNE, | CHAPTER 11 |
|     DEBTORS.    / | DEBTORS' CHAPTER 11<br><u>PLAN OF REORGANIZATION</u> |

    Beth Wayne and David R. Wayne, Debtors herein, propose the following Plan pursuant to Chapter 11 of the Bankruptcy Code:

ARTICLE I

DEFINITIONS

    For purposes of the Plan, the following terms shall have the meanings hereinafter set forth:

    1.01.    <u>Allowed claim</u> shall mean a Claim (a) in respect of which a Proof of Claim has been filed with the Court within the applicable period of limitation fixed by Rule 3001, or (b) scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, in either case as to which no objection to allowance thereof has been interposed with any applicable period of limitation fixed by Rule 3001, or by Order of the Court, or as to which any such objection has been determined which is no longer subject to appeal or certiorari and as to which no appeal or certiorari proceeding is pending.

1.02. <u>Allowed Secured Claim</u> shall mean the Allowed Claim secured by a lien, security interest or other charge against the property in which Debtora have an interest, or which is subject to setoff under Section 553 of the Code to the extent of the value (determined in accordance with 506(a) of the Code) of the interest of the holder of such Allowed Claim in the Debtors' interest in such property or to the extent of the amount subject to such setoff, as the case may be.

1.03. <u>Claim</u> shall mean any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against Debtors in existence on or as of the Petition Date, whether or not such right to payment or right to equitable remedy is reduced to judgment, liquidated, undisputed, legal, secured, unsecured, known or unknown.

1.04. <u>Class</u> shall mean any class into which Allowed Claims or Allowed Interests are classified pursuant to Article III.

1.05. <u>Class 1 Claims, Class 2 Claims, Class 3 Claims, Class 4 Claims, Class 5 Claims, Class 6 Claims, Class 7 Claims, Class 8 Claims, Class 9 Claims, Class 10 Claims, Class 11 Claims, Class 12 Claims, Class 13 Claims, Class 14 Interestss, Class 15 Claims, Class 16 Claims, Class 17 Interests</u> shall mean Allowed Claims and Interests so classified in Sections 3.01 through 3.17 respectively.

1.06. <u>Bankruptcy Code</u> shall mean the Bankruptcy Code, 11 U.S.C. section 101, et seq., and any amendments thereof.

1.07. <u>Bankruptcy Court</u> shall mean the United States Bankruptcy Court for the Northern District Of California in which the Debtors' Chapter 11 case, pursuant to which the Plan is

2
Case: 09-12892   Doc# 28   Filed: 10/14/09   Entered: 10/14/09 20:24:45   Page 2 of 15

1  proposed, is pending and any Court having competent jurisdiction to
2  hear appeals or certiorari proceedings therefrom.
3      1.08.     <u>Confirmation Date</u> shall mean the date upon which the
4  Order of Confirmation is entered by the Court.
5      1.09.     <u>Debtors</u> means the Debtors in this Chapter 11 case.
6      1.10.     <u>Market rate of Interest</u> means the Federal Judgment
7  Rate in effect on the Confirmation Date or such other rate of
8  interest as the Court determines at the time of confirmation.
9      1.11.     <u>Order of Confirmation</u> means the Order entered by the
10 Bankruptcy Court confirming the "Plan" in accordance with provisions
11 of Chapter 11 of the Bankruptcy Code.
12     1.12.     <u>Petition Date</u> means September 4, 2009, the date of
13 the filing of the voluntary petition.
14     1.13.     <u>Plan</u> means this Chapter 11 Plan, as may be amended or
15 modified in accordance with the Code.
16     1.14.     <u>Rules</u> means Bankruptcy Rules, as amended and
17 supplemented by the Suggested Interim Bankruptcy Rules, as adopted
18 by the Court.

                                ARTICLE II

                        EXPENSES OF ADMINISTRATION

21     2.01.     Administrative expenses of Debtors' Chapter 11 case
22 allowed pursuant to Section 503(b) of the Code shall be paid in full
23 at the Confirmation Date unless otherwise Ordered by the Court, in
24 cash, or upon such other terms as may be agreed upon by the holder
25 of such claims and Debtors.  Any fees due the U.S. Trustee and
26 unpaid on the Confirmation Date shall be paid in full on or before
27 the Confirmation Date.

ARTICLE III

CLASSIFICATION OF CLAIMS

The Claims are classified as follows:

3.01.   <u>Class 1 Claims.</u>  Allowed claims entitled to priority pursuant to Section 507 of the Code.

3.02.   <u>Class 2 Claims.</u> Allowed secured claim of the County of Humboldt based upon the secured tax roll and secured by real property as follows:

      a.   1491 Walker Point, Bayside, CA;

      b.   2056 Haegar St., Arcata, CA; and

      c.   3222 High St., Eureka, CA.

3.03.   <u>Class 3 Claims.</u>  Allowed secured claim of Bank of America secured by first priority Deed of Trust on property located at 1491 Walker Point, Bayside, CA.

3.04.   <u>Class 4 Claims.</u>  Allowed secured claim of Bank of America secured by second priority Deed of Trust on property located at 1491 Walker Point, Bayside, CA.

3.05.   <u>Class 5 Claims.</u>  Allowed secured claim of Bank of America secured by real property located at 137 14th St., Eureka, CA.

3.06.   <u>Class 6 Claims.</u>  Allowed secured claim of Bank of America secured by real property located at 4067 Cedar St., Eureka, CA.

3.07.   <u>Class 7 Claims</u>.  Allowed secured claim of Bank of America secured by real property located at 911 R. Street, Eureka, California.

3.08.   <u>Class 8 Claims</u>.  Allowed secured claim of Wells Fargo Bank secured by first priority Deed of Trust on real property

4
Case: 09-12892   Doc# 28   Filed: 10/14/09   Entered: 10/14/09 20:24:45   Page 4 of 15

1 located at 2056 Haegar St., Arcata, California.

2     3.09. <u>Class 9 Claims</u>. Allowed secured claim of Bank of America/Countrywide secured by second priority Deed of Trust on real property located at 2056 Haegar St., Arcata, California.

    3.10. <u>Class 10 Claims</u>. Allowed secured claim of Wells Fargo Bank secured by first priority Deed of Trust on real property located at 624 W. Creighton St., Eureka, California.

    3.11. <u>Class 11 Claims</u>. Allowed secured claim of Humboldt Realty Group 401K Plan secured by second priority Deed of Trust on real property located at 624 W. Creighton St., Eureka, California.

    3.12. <u>Class 12 claims</u>. Allowed secured claim of Lloyd A. Launer secured by real property located at 3222 High Street, Eureka, California.

    3.13. <u>Class 13 Claims</u>. Allowed secured claim of Indymac Federal Bank secured by first priority lien on real property located at 842 Greenwood Hgts., Kneeland, California.

    3.14. <u>Class 14 Interests</u>. Allowed interest of Shoy Nelson in real property located at 842 Greenwood Hgts., Kneeland, California.

    3.15. <u>Class 15 Claims.</u> Allowed secured claim of Aurora Home Loans secured by real property located at 1608 Hayes, Eureka, California.

    3.16. <u>Class 16 Claims.</u> Allowed claims of creditors other than those holding allowed Class 1 Claims, Class 2 Claims, Class 3 Claims, Class 4 Claims, Class 5 Claims, Class 6 Claims, Class 7 Claims, Class 8 Claims, Class 9 Claims, Class 10 Claims, Class 11 Claims, Class 12 Claims, Class 13 Claims, Class 14 claims, Class 15

Claims, and Class 17 Interests, including, but not limited to, creditors whose claims may arise out of the rejection of executory contracts and secured creditors to the extent that the Court finds the same unsecured in whole or in part.

3.17.   *Class 17 Interests.*  Allowed interests of the Debtors herein.

## ARTICLE IV

### CLAIMS NOT IMPAIRED UNDER THE PLAN

4.01.   *Class 3 Claims not impaired.*  Holders of allowed Class 3 Claims shall be paid the regular payment under the terms of the Note and Deed of Trust. Such holder shall retain its interests in the collateral.

4.02.   *Class 12 Claims not impaired.*  Holders of allowed Class 12 Claims shall be paid the regular payment under the terms of the Note and Deed of Trust. Such holder shall retain its interests in the collateral.

## ARTICLE V

### TREATMENT OF IMPAIRED CLASSES OF CLAIMS

5.01.   *Class 1 Claims are impaired.*  Holders of allowed Class 1 Claims shall be paid in equal monthly installments of principle and interest, or more at the statutory rate over twenty four (24) consecutive months commencing on the effective date of the Plan.

5.02.   *Class 2 Claims are impaired.*  Holders of allowed Class 2 Claims which are not current on the effective date of the Plan shall be placed on a five year plan as provided by statute for the following property:

a.	1491 Walker Point, Bayside, CA;

					b.	2056 Haegar St., Arcata, CA; and

					c.	3222 High St., Eureka, CA.

			Such holder shall retain its interests in the collateral.

	5.03.	<u>Class 4 Claims are impaired.</u>  The lien against the subject real property held by the holder of Class 4 Claims shall be removed from the record title of such property as wholly unsecured. Separate motion or adversary proceeding will be commenced to adjudicate the value of the real property collateral.  Such holder shall not retain its security interest in the subject real property.

	5.04.	<u>Class 5 Claims are impaired.</u>  Holders of allowed Class 5 claims shall be paid an amount equal to such holder's interest in the Debtors' interest in the collateral in monthly installments of principle and interest at a market rate based upon a thirty year amortization.  Such holder shall retain their security interest in the collateral.

	5.05.	<u>Class 6 Claims are impaired.</u>  Holders of allowed Class 6 claims shall be paid an amount equal to such holder's interest in the Debtors' interest in the collateral in monthly installments of principle and interest at a market rate based upon a thirty year amortization.  Such holder shall retain their security interest in the collateral.

	5.06.	<u>Class 7 Claims are impaired.</u>  Holders of allowed Class 7 claims shall be paid an amount equal to such holder's interest in the Debtors' interest in the collateral in monthly installments of principle and interest at a market rate based upon a thirty year amortization.  Such holder shall retain their security

interest in the collateral.

5.07.   <u>Class 8 Claims are impaired.</u>  Holders of allowed Class 8 Claims shall be paid the monthly payment as provided in the Note together with a sum equal to 1/60th of the any default arrearages commencing on the effective date of the plan until such arrearages have been paid.  Confirmation of the Plan shall operate as a cure of all pre-confirmation defaults under the Note and Deed of Trust.  Such holder shall retain its interests in the collateral.

5.08.   <u>Class 9 Claims are impaired.</u>  Holders of allowed Class 9 claims shall be paid an amount equal to such holder's interest in the Debtors' interest in the collateral in monthly installments of principle and interest at a market rate based upon a thirty year amortization.  Such holder shall retain their security interest in the collateral.

5.09.   <u>Class 10 Claims are impaired.</u>  Holders of allowed Class 10 Claims shall be paid the amount of such claim in monthly installments of principle and interest at a market rate based upon a thirty (30) year amortization.  Such payments shall commence on the effective date of the Plan.  Such holder shall retain its interests in the collateral.

5.10.   <u>Class 11 Claims not impaired.</u>  Holders of allowed Class 11 Claims shall be paid an amount equal to such holder's interest in the Debtors' interest in the collateral in monthly installments and interest at a market rate based upon a thirty (30) year amortization, or more.  Such payments shall commence on the effective date of the Plan.  Such holder shall retain its interests in the collateral.

5.11.   <u>Class 13 Claims are impaired.</u>  Holders of allowed

Class 13 claims shall be paid together with interest at a market rate on sale of the collateral. Such sale shall occur within six (6) months of the effective date of the Plan. Such holder shall retain its interests in the collateral.

5.12. <u>Class 14 Interests are impaired.</u> Holders of allowed Class 14 Interests shall retain such interests subject to the lien securing Class 13 claims and subject to avoidance and preservation of such interests for the estate to the extent not perfected and/or avoidable. Debtors reserve the rights to avoid such interests.

5.13. <u>Class 15 Claims are impaired.</u> Holders of allowed Class 15 claims shall be paid an amount equal to such holder's interest in the Debtors' interest in the collateral in monthly installments and interest at a market rate based upon a thirty (30) year amortization, or more. Such payments shall commence on the effective date of the Plan. Such holder shall retain its interests in the collateral.

5.14. <u>Class 16 Claims are impaired.</u> Holders of allowed Class 16 Claims shall be paid an aggregate sum of $28,000.00 on a prorata basis in 60 equal monthly installments commencing on the effective date of the Plan.

5.15. <u>Class 17 Interests are impaired.</u> Holders of Class 17 Interests shall retain such interests subject to the terms of the Plan.

ARTICLE VI

TREATMENT OF EXECUTORY CONTRACTS

6.01. <u>Executory Contracts.</u> Debtors are not a party to an executory contract.

# ARTICLE VII

## MEANS FOR THE PLAN'S EXECUTION

7.01. Debtors shall cause the real property located at 842 Greenwood Heights, Kneeland, CA to be sold. Holders of allowed Class 13 claims shall be paid from the proceeds of sale together with interest as herein provided.

7.02. Debtors shall continue to offer the rental properties for rent and to collect the rents, provide ordinary maintenance and to provide utilities to the tenants as provided in the rental agreements.

7.03. Debtors shall continue to employ the real estate management company to collect rents and to otherwise manage the rented properties.

7.04. Debtors shall commence payments to holders of allowed secured claims on the effective date of the Plan as herein set forth. Motions or Adversary Proceedings will be commenced within 90 days of the effective date to determine such secured amounts pursuant to Section 506 where such determination is relevant to the implementation of the Plan terms.

7.05. Taxes on the secured tax roll secured by the properties set forth in paragraph 5.02 shall be placed on a five year Plan.

7.06. No party shall take any action against the Debtors, their assets, or assets of the estate inconsistent with the terms of the within Plan.

7.07. Debtors shall commence payments to the unsecured creditors based upon a prorata distribution of quarterly deposits made at the monthly rate as provided herein. Distributions may be

made from a disbursing account on a quarterly basis.

7.08. The Debtors shall comply with post confirmation reporting requirements to the U.S. Trustee and payment of U.S. Trustee fees post confirmation until entry of Final Order as required by law. Nothing contained in the Plan shall impose or expand the requirements for reporting and payment of fees as set forth by statute and/or case law. In the event the case is converted to a case under Chapter 7, the assets shall revest in the Chapter 7 estate.

7.09. Any sale or refinance of property as provided herein may be made free and clear of liens as provided in the Code. The Court shall specifically reserve jurisdiction to implement the Plan, to approve sale of property, and to direct such sale of property free and clear of lien where necessary or appropriate.

7.10. Debtors reserve rights to object to any claim filed in the case and to assert any and all counterclaims against any party filing such a claim.

## ARTICLE VIII

### RETENTION OF JURISDICTION

8.01. Notwithstanding Confirmation of the Plan, the Court shall retain jurisdiction for, inter alia, the following purposes:

1. Determination of the allowability of claims upon objection to such claims by the Debtors based upon any provision of law, including, but not limited to any right of set off, counterclaims, statute of limitations, and any and all defenses thereto;

2. Determination of the validity, priority and extent of liens under any applicable provision of law, including, but not

limited to Rules of Professional Conduct;

    3.   Determination of requests for payment of claims entitled to priority under Bankruptcy Code Section 507(a)(1), including compensation of parties entitled thereto;

    4.   Determination of any counter claims against any party filing a claim in the case.

    5.   Resolution of any disputes regarding the interpretation of the Plan;

    6.   Implementation of the provisions of the Plan and entry of Orders in aid of confirmation of the Plan, including without limitation, appropriate orders to protect the Debtors from creditor actions, approval of sale of property, orders for sale free and clear of liens and interests;

    7.   Modification of the Plan pursuant to Section 1127 of Title 11;

    8.   Determination of reasonableness of any attorneys fees and charges claimed by any creditor or lessor;

    9.   Avoidances of avoidable transfers pursuant to the Bankruptcy Code and recovery of improper post petition transfers, and any reserved cause of action, including, but not limited to unperfected interests of holders of Class 14 Interests;

    10.   Determination of secured status, extent of secured status, and Debtors' right to recover expenses from property securing claim pursuant to Bankruptcy Code Section 506;

    11.   Enforcement of all stipulations entered into by the Debtors in possession and Orders and Judgments made by the Court;

    12.   Collection of any sums due the Debtors from other parties or from any other source;

Case 09-12892   Doc# 28   Filed: 10/14/09   Entered: 10/14/09 20:24:45   Page 12 of 15

12

1       13.     Determination of rights and causes of action reserved
to the Debtors as provided herein; and

        14.     Entry of final decree.

## ARTICLE IX

### EFFECT OF CONFIRMATION

9.01.   Confirmation of the Plan shall have the effect set forth in Bankruptcy Code Section 1141.  The rights afforded herein, and the treatment of all claims and interests as set forth herein, shall be in full exchange for, and in complete satisfaction, discharge and release of, all claims and interests of any kind or nature whatsoever, whether known or unknown, matured or contingent, liquidated or unliquidated, existing, arising or accruing, whether or not yet due, prior to the Effective Date, including without limitation any claims or interest on claims, accruing on or after the commencement of the case against the Debtors, the estate, or assets or property thereof.  Except as, and to the extent, expressly provided in the Plan or the Confirmation Order, at all times on and after the Effective Date, (a) all such claims against, and interests in, the Debtors or the estate shall be deemed fully and finally satisfied, discharged and released; (b) all persons shall be fully and finally barred, enjoined and precluded from asserting against the reorganized Debtors or their assets, any claims or interests based upon act or omission, transaction, agreement, right, privilege, duty, entitlement, obligation or other event or activity of any kind or nature whatsoever that occurred prior to the Effective Date; and (c) all claims and interests shall be fully and finally discharged as provided in said Section 1141 of the Bankruptcy Code.

# ARTICLE X

## ALTERATION OF RIGHTS OF THIRD PARTIES

10.01. Except as expressly stated in the Plan, nothing contained in the Plan or any action taken hereunder alters the rights of holders of claims or interests under Bankruptcy Code Sections 510(a) or 524(a). Except as expressly stated in the Plan, holders of secured claims shall retain their liens on the Debtors' assets to the extent of the allowed amount of such claim.

# ARTICLE XI

## MISCELLANEOUS

11.01. **Notice.** All notices required or permitted to be made in accordance with the Plan or by the Code shall be in writing and shall be delivered personally, or by First Class mail:

    a. To Debtors:
       David N. Chandler
       David N. Chandler, p.c.
       1747 Fourth Street
       Santa Rosa, CA 95404

    b. To the Holder of an Allowed Claim, at the address set forth in the Allowed Proof of Claim, or if none, at the address set forth in the Schedules prepared and filed with the Court pursuant to Section 1007(b).

11.02. **Effective Date.** For purposes of all determinations to be made pursuant to the Bankruptcy Code in respect to the Plan or any Claim or Interest, the "effective date" of the Plan shall be sixty (60) days following the date the Order of Confirmation becomes final.

11.03. **Reservation of Rights.** Neither the filing of this Plan nor any statement or provision contained herein, shall be or be deemed to be an admission against interest.

## ARTICLE XII

### CONFIRMATION REQUEST

12.01. Beth Wayne and David R. Wayne, Debtors herein, request Confirmation of the Plan pursuant to Section 1129(b) of the Bankruptcy Code.

Dated: 10/14/09 DAVID N. CHANDLER, p.c.

By: */s/ David N. Chandler*
DAVID N. CHANDLER,
Attorney for Debtors