```
 1  SCHEER LAW GROUP, LLP
    SPENCER P. SCHEER #107750
 2  JOSHUA L. SCHEER #242722
    REILLY D. WILKINSON #250086
 3  JONATHAN SEIGEL #168224
    ALEXANDRIA C. CARRAHER #299258
 4  155 N. Redwood Drive, Suite 100
    San Rafael, CA  94903
 5  Telephone:  (415) 491-8900
    Facsimile:  (415) 491-8910
 6  BSI.100-965S

 7  Attorneys for CAM XVIII TRUST, its successors and/or assignees
```

UNITED STATES BANKRUPTCY COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Bk. No. 09-12892-AJ |
| BETH WAYNE and DAVID R. WAYNE aka RANDY WAYNE, | R.S. No. RDW-782 |
| | Chapter 11 |
| Debtors. | **MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| | Hearing- <br> Date:  April 5, 2017 <br> Time:  9:00 a.m. <br> Place: Bankruptcy Court <br> 3140 Boeing Ave. <br> McKinleyville, CA |

CAM XVIII TRUST, its successors and/or assignees ("Lender" or "Movant"), moves the Court for relief from the Automatic Stay provided by 11 U.S.C. Section 362.  This motion seeks an Order terminating the Automatic Stay of 11 U.S.C. Section 362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party (and its Trustee) may take all steps necessary under State or Federal law to commence or complete its foreclosure under the Deed of Trust and thereafter take possession of the subject real property located at 137 14th Street, Eureka, CA 95501, which is legally described in the Deed of Trust attached to the Declaration of KARIN MURPHY as Exhibit "3" ("**Property**").

In addition, and if applicable, Movant will seek an order waiving the requirements of Federal Rule of Bankruptcy Procedure 4001(a)(3), and California Civil Code § 2924g(d), so that any foreclosure sale may be held without the applicable waiting period specified therein.

This motion is brought pursuant to 11 U.S.C. Section 362(d)(1) for "cause" and due to the following:

1. The failure of Debtor to make required payments as set forth in the attached Declaration of KARIN MURPHY. Debtors' failure to make required payments provides "cause" for relief from the Automatic Stay.

2. In addition, Movant claims that the Debtors are collecting rents on the property without utilizing the rents to pay the monthly debt service.

3. The Debtors have failed to provide an accounting of cash collateral being generated from the Property despite a Notice of Security Interest in Rents and Profits being filed with this court on December 8, 2009 ("**Notice**") in violation of 11 U.S.C. § 363(c)(2). This provides additional cause for relief or in the alternative for adequate protection (*See* In re Certified Corp., 51 B.R. 768, 771 (Bankr. D. Haw., 1985). *See also* In re Four Seasons Marine & Cycle, Inc., 263 B.R. 764, 769 (Bankr. E.D. Texas, 2001));

In addition, Movant seeks relief pursuant to 11 U.S.C. Section 362(d)(2) and alleges that in accordance with the information set forth in the attached Declaration of KARIN MURPHY and due to the Debtors' failure to make required payments, that Debtors do not have any realistic hope for a reorganization, and that there is insufficient equity present in the subject real property to justify the continuance of the Automatic Stay. The value of the Property is approximately $265,000.00 pursuant to Debtors' schedules. There are liens on the Property currently totaling $269,269.43. It is clear that there is no equity in the Property. In addition, the Property must be essential for an effective reorganization that is in prospect (*See* United Sav. Asso. v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 376 (U.S. 1988). The Debtors have failed to make payments on the obligation and the Property is not necessary for an effective reorganization that is in prospect.

In addition, and in the event that the Court continues the Automatic Stay, Movant will seek adequate protection of its secured interest pursuant to 11 U.S.C. Sections 361 and 362, including a requirement that Debtor reinstate all past arrearages and immediately commence regular monthly payments.

Furthermore, Movant will seek to have Debtors sequester and account for any rents collected from the subject real property, pursuant to 11 U.S.C. Section 546(b), and Section 363. Pursuant to this motion, Movant provides Debtors with notice of its security interest in said rents, and objects to their use without court authorization.

Furthermore, Movant will also seek attorney's fees and costs incurred in bringing the Motion. Movant requests such fees pursuant to the Note and Deed of Trust securing Movant's claim or pursuant to 11 U.S.C. Section 506(b). Post-petition attorney's fees and costs for the within motion may be added to the outstanding balance of the subject Note pursuant to Travelers Casualty v. Pacific Gas and Electric Co., 549 U.S. 443 (2007).

In addition, Movant requests such further relief as is just.

In the event neither the Debtor nor Debtors' Counsel or any interested party appears at a hearing on this Motion, the Court may grant relief from the Automatic Stay permitting moving party to foreclose on the Debtors' real Property located at **137 14th Street, Eureka, CA 95501**, which is legally described in the Deed of Trust attached to the Declaration of KARIN MURPHY as Exhibit "3," under all defaults, including any pre-petition defaults, and thereafter obtain possession of such Property without further hearing, or may enter an order conditioning the continuance of automatic stay.

WHEREFORE, Movant prays for judgment as follows:

1. For an order granting relief from the Automatic Stay, permitting Movant to take all steps necessary under State or Federal law to commence or complete its foreclosure under the Deed of Trust and thereafter take possession of the subject Property
2. For an order allowing Movant to seek and collect any damages ordered by any Court for the wrongful retention of the subject Property after foreclosure of the subject Property.

3. For an order permitting Movant to offer and provide Debtors with information regarding potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtors if approved by Movant.

4. For an order regarding adequate protection of Movant's interest as this Court deems proper.

5. For attorneys' fees and costs for suit incurred herein.

6. For an order waiving the 14-day stay described in Bankruptcy Rule 4001(a)(3).

7. For such relief as this Court deems appropriate.

SCHEER LAW GROUP, LLP

DATED: March 21, 2017            /s/ REILLY D. WILKINSON
                                 #250086